UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR RAY DEERE, | No. EDCV 08-1009-R(CW) |
| Petitioner, | ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| v. | |
| LARRY SMALL, Warden, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. The court has also engaged in a *de novo* review of those portions of the Report and Recommendation to which objection has been made.

Petitioner asserts three objections. First, he objects that the report and recommendation failed to address a claim of juror misconduct. Specifically, he alleges a constitutional violation because a speech teacher invited by defense counsel to view and critique his closing commented to a juror that the prosecutor's statement "missed the point of summary." [RT at 492.] Even assuming this claim were raised in the petition and exhausted, which it does

not appear to have been, it is without merit. Petitioner's trial counsel promptly informed the court of the communication. The judge questioned the visitor, who described the comment and confirmed that he spoke only to one juror. The judge then questioned the juror on the record, outside of the presence of the other jurors, and the juror stated he was not influenced by the comment and would be able to decide the case based upon the law and evidence presented to him. Finally, the judge admonished the juror not to relate the substance of what the guest said to the other members of the panel. [RT at 494-98.] When, as here, an unauthorized communication with a juror is *de minimis*, the defendant must make a threshold showing that the communication could have influenced the verdict, see <u>Caliendo v. Warden of California Men's Colony</u>, 365 F.3d 691, 696-97 (9th Cir. 2004) (citations omitted), which nothing suggests was the case here. In any event, the judge acted promptly and appropriately to ensure the fairness of the proceedings, amply satisfying due process. See <u>Smith v. Phillips</u>, 455 U.S. 209, 216, 217, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982) ("Due process means a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen. Such determinations may properly be made at a hearing like that ordered . . . in this case," i.e., at which the defendant has the opportunity to prove actual bias).

Second, Petitioner objects that the report and recommendation does not account for the recent Supreme Court decision in <u>Smith v. Cain</u> in finding no constitutional-level discovery violation from the state's failure to disclose the results of a gunshot residue (GSR) test. As is discussed within the report and recommendation, however,

the trial record indicates the GSR test was never submitted for processing. <u>Smith</u> is thus unavailing for Petitioner. The <u>Smith</u> decision simply affirms the proposition that a failure to produce evidence is a constitutional violation only when, had the evidence been disclosed, "the likelihood of a different result is great enough to 'undermine[] confidence in the outcome of the trial.'" <u>Smith v. Cain</u>, __ U.S. __, 132 S. Ct. 627, 630, 181 L. Ed. 2d 571 (2012) (citations omitted). That standard is not met here. Indeed, <u>Smith</u> suggests that habeas relief would not be merited here even if the GSR test were processed and the result came back negative because, in light of the strong evidence of guilt, even a negative result would not undermine confidence in the verdict. <u>See</u> <u>id.</u> (noting cases reasoning that evidence impeaching an eyewitness may not be material requiring production when the other evidence is strong enough to sustain confidence in the verdict).

Finally, Petitioner objects that the report and recommendation does not address his claim that California lacked jurisdiction to prosecute him, given that the alleged victim of his attempt was a federal agent. Even assuming this claim were raised in the petition and exhausted, which it does not appear to be, Petitioner points to no law that could be read to preclude the states from prosecuting an assault or attempted murder merely because the victim is a federal employee acting within the course of his duties. While federal law provides an alternative grounds for prosecution of such a crime, the availability of a parallel federal criminal provision in no way supplants state authority in this regard.

The court thus accepts the findings and recommendation of the Magistrate Judge and **IT IS ORDERED** that judgment be entered denying

1  the Petition and dismissing this action with prejudice.

3  DATED:   July 23, 2012

_____
MANUEL L. REAL
United States District Judge

4